1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  ISAAC ELI GALVAN,                    )   1:10-cv-00665-OWW-JLT HC
                                         )
12                 Petitioner,           )   ORDER TO SHOW CAUSE WHY THE
                                         )   PETITION SHOULD NOT BE DISMISSED
13        v.                             )   FOR VIOLATION OF THE ONE-YEAR
                                         )   STATUTE OF LIMITATIONS (Doc. 1)
14                                       )
    GONZALEZ,                            )   ORDER REQUIRING RESPONSE TO BE
15                                       )   FILED WITHIN THIRTY DAYS
                   Respondent.           )
16  _____)

17

18                          **PROCEDURAL HISTORY**

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21  April 8, 2010.[1]  A preliminary review of the Petition, however, reveals that it may be untimely and

22

23        [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
    deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
    clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
24  mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
    adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
25  Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
    AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
26  other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the
    earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.
27  Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal
    petition, the Court will consider, where such information is available, the date of signing of the petition (or the date of signing
28  of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of
    filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on

                                            1

1  should therefore be dismissed.

2  **DISCUSSION**

3  A.  Preliminary Review of Petition

4  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

5  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

6  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

7  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

8  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

9  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

10  Cir.2001).

11  The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

12  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

13  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

14  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

15  Herbst.

16  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

17  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

18  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

19  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

20  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

21  (1997).  The instant petition was filed on April 8,  2010, and thus, it is subject to the provisions of

22  the AEDPA.

23  The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

24  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

25  reads:

26  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The

27  limitation period shall run from the latest of –

28

April 8, 2010.  (Doc. 1, p. 77).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on July 2, 2001.  (Doc. 1, p. 1). Petitioner initiated a direct review of his conviction in the California courts, and eventually filed a petition for review that was denied by the California Supreme Court on November 13, 2002.  (Doc. 1, p. 2).   Thus, direct review would have concluded on February 12, 2003, when the ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from the following day, i.e., February 13, 2003, or until February 12, 2004, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on April 8, 2010, over six years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed the following state habeas petitions: (1) filed in the Superior Court of Kern County on March 19, 2007, and denied on April 24, 2009; (2) filed in the 5th DCA on June 12, 2009, and denied on June 24, 2009; and (3) filed in the California Supreme Court

1    on August 26, 2009, and denied on February 3, 2010.  (Doc. 1, pp. 73-76). [2]

2        Unfortunately for Petitioner, none of these filings entitle Petitioner to statutory tolling under

3 the AEDPA.  A petitioner is not entitled to tolling where the limitations period has already run prior

4 to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v.

5 Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.

6 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit

7 the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson

8 v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas

9 corpus filed after expiration of the one-year limitations period).   As mentioned, the limitations

10 period expired on February 12, 2004, over three years *before* Petitioner filed his first state habeas

11 petition on March 19, 2007.  Accordingly, Petitioner cannot avail himself of the statutory tolling

12 provisions of the AEDPA.   Therefore, unless Petitioner is entitled to equitable tolling, the Petitioner

13 is untimely and should be dismissed.[3]

14

15      [2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.
16 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice
may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise
17 Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v.
Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As
18 such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal
and the California Supreme Court are subject to judicial notice.  The Court thus takes judicial notice of the California Courts
19 internet website, which the Court has accessed in order to corroborate and to supplement Petitioner's chronology of filings
in state court.  That electronic database only reflects that actual date of filing of the petitions.  Since Petitioner has not
20 provided the Court with copies of the petitions themselves, the actual date of filing, rather than the date Petitioner submitted
the petitions to prison authorities, must be used.  The Court notes, however, that the use of the actual filing date, rather than
21 the "mailbox rule," would not, given Petitioner's delay in filing the instant petition, have any material effect on the Court's
timeliness analysis.

22

23      [3]Although Petitioner may assume that because his claim is premised upon the United States Supreme Court's
decision in Cunningham v. California, 549 U.S. 270 (2007), a different result should obtain, Petitioner would be wrong.
24 Cunningham has not been held to be retroactive; indeed, the Ninth Circuit has held that, instead, it is Blakely v. Washington,
542 U.S. 296 (2004), that is retroactive.  Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).  Accordingly, in determining
25 whether Blakely should apply to a given federal petition, the issue is whether the direct review of the state petitioner's claims
concluded before or after Blakely was announced, not before or after the decision in Cunningham.  Butler, 528 F.3d at 639.
26 Blakely was decided on June 24, 2004.  As mentioned, Petitioner direct appeal became final on February 12, 2003, over a
year before Blakely was decided.  Accordingly, Blakely is inapplicable to Petitioner's case, and, therefore, the principles
27 reiterated in Cunningham are likewise inapplicable retroactively to Petitioner's case.  Butler, 528 F.3d at 639.  Put another
way, the fact that Cunningham was decided on January 22, 2007, shortly before Petitioner filed his first state habeas, does
28 not affect the original "window" for Petitioner to file his federal petition, and likewise does not alter this Court's analysis of

D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is not entitled to equitable tolling.  Thus, it appears that the petition is untimely and should be dismissed.

However, pursuant to the Ninth Circuit's mandate in Herbst, the Court will afford Petitioner an opportunity to establish that the petition was timely by responding to this Order to Show Cause with information and evidence establishing timeliness under the AEDPA.  If Petitioner fails to establish timeliness, the Court will issue Findings and Recommendations to dismiss the petition.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

---

the untimeliness of the instant petition.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.


IT IS SO ORDERED.

Dated:   **May 21, 2010**                                          **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE