1

2

3

4

5

6

7

8
# UNITED STATES DISTRICT COURT

9
## EASTERN DISTRICT OF CALIFORNIA

10

11 ISAAC ELI GALVAN,          )    1:10-cv-00665-OWW-JLT HC
                                )

12            Petitioner,    )    FINDINGS AND RECOMMENDATIONS TO
                                )    DISMISS THE PETITION FOR WRIT OF

13     v.                      )    HABEAS CORPUS  FOR VIOLATION OF
                                )    THE ONE-YEAR STATUTE OF

14 GONZALEZ,             )    LIMITATIONS AND AS A SECOND OR
                                )    SUCCESSIVE PETITION (Doc. 1)

15                       )
           Respondent.    )    ORDER REQUIRING OBJECTIONS TO BE

16 _____)    FILED WITHIN TWENTY DAYS

17

18
## PROCEDURAL HISTORY

19
Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20 pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21 April 8, 2010.[1]  When the Court's preliminary review of the petition indicated that it might be

22

23     [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court

24 clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The

25 Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on

26 other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the
earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.

27 Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal
petition, the Court will consider, where such information is available, the date of signing of the petition (or the date of signing

28 of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of
filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on

1

1    untimely, the Court, on May 24, 2010, issued an Order to Show Cause why the petition should not be

2    dismissed pursuant to 28 U.S.C. § 2244(d).  (Doc. 6).  The Order to Show Cause required that

3    Petitioner file his response within thirty days.  On June 24, 2010, Petitioner filed his response.  (Doc.

4    8).

5                                                    **DISCUSSION**

6              A.  Preliminary Review of Petition

7              Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

8    if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

9    not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

10   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

11   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

12   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

13   Cir.2001).

14             The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

15   habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

16   notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing the

17   Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in

18   Herbst.

19             B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

20             On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

21   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

22   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

23   (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

24   (1997).  The instant petition was filed on April 8,  2010, and thus, it is subject to the provisions of

25   the AEDPA.

26             The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

27   petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

28   _____

     April 8, 2010.  (Doc. 1, p. 77).

                                                         2

reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on July 2, 2001.  (Doc. 1, p. 1).  Petitioner initiated a direct review of his conviction in the California courts, and eventually filed a petition for review that was denied by the California Supreme Court on November 13, 2002.  (Doc. 1, p. 2).  Thus, direct review would have concluded on February 12, 2003, when the ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from the following day, i.e., February 13, 2003, or until February 12, 2004, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on April 8, 2010, over six years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

In his petition, Petitioner alleges that he filed the following state habeas petitions: (1) filed in the Superior Court of Kern County on March 19, 2007, and denied on April 24, 2009; (2) filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on June 12, 2009, and denied on

4

1  June 24, 2009; and (3) filed in the California Supreme Court on August 26, 2009, and denied on

2  February 3, 2010.  (Doc. 1, pp. 73-76). [2]

3          Unfortunately for Petitioner, none of these filings entitle Petitioner to statutory tolling under

4  the AEDPA.  A petitioner is not entitled to tolling where the limitations period has already run prior

5  to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v.

6  Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.

7  2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit

8  the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson

9  v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas

10  corpus filed after expiration of the one-year limitations period).   As mentioned, the limitations

11  period expired on February 12, 2004, over three years *before* Petitioner filed his first state habeas

12  petition on March 19, 2007.  Accordingly, Petitioner cannot avail himself of the statutory tolling

13  provisions of the AEDPA for these three petitions.

14          In his response to the Order to Show Cause, Petitioner argues that he filed additional state

15  habeas petitions that are not reflected in the Court's May 24, 2010 Order to Show Cause.

16  Specifically, Petitioner indicates that he filed the following additional state habeas petitions: (1) filed

17  in the Kern County Superior Court on January 22, 2003, and denied on March 17, 2003; (2) filed in

18  the 5th DCA on April 3, 2003, and denied on June 13, 2003; (3) filed in the Kern County Superior

19  Court on September 2, 2003, and denied on September 30, 2003; (4) filed in the California Supreme

20  _____

21          [2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.
22  1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice
may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise
23  Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v.
Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As
24  such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal
and the California Supreme Court are subject to judicial notice.  The Court thus takes judicial notice of the California Courts
25  internet website, which the Court has accessed in order to corroborate and to supplement Petitioner's chronology of filings
in state court.  That electronic database only reflects the actual date of filing of the petitions.  Since Petitioner has not
26  provided the Court with copies of the petitions themselves, the actual date of filing, rather than the date Petitioner submitted
the petitions to prison authorities, must be used.  The Court notes, however, that the use of the actual filing date, rather than
27  the "mailbox rule," would not, given Petitioner's delay in filing the instant petition, have any material effect on the Court's
timeliness analysis.

28

5

1   Court on September 2, 2003, and denied on June 9, 2004; (5) filed in the Kern County Superior

2   Court on October 15, 2003, and denied on October 29, 2003; and (6) filed in the California Supreme

3   Court on December 4, 2003, and denied on June 9, 2004.  (Doc. 8, p. 12).

4        Assuming, without deciding, that all of these state petitions were "properly filed" within the

5   meaning of the AEDPA such as to entitle Petitioner to statutory tolling for their pendency and for the

6   intervals between the petitions, those six state petitions do not make the instant federal petition

7   timely.  As discussed above, the one-year period commenced on February 13, 2002.  Petitioner filed

8   his first state habeas petition on January 22, 2003 in the Kern County Superior Court.  At that point,

9   343 days of his allotted 365 days had already elapsed, leaving him only twenty-two days remaining.

10  His last petition was denied on June 9, 2004.  The one-year period would have re-commenced the

11  following day, i.e., on June 10, 2004, and would have run unabated until it expired twenty-two days

12  later, i.e., on July 2, 2004.  As discussed, the instant petition was filed on April 8, 2010, almost six

13  years after the one-year period had elapsed, thus making the petition untimely even if Petitioner

14  properly filed the additional state petitions referred to above and was entitled to the full statutory

15  tolling for those petitions.

16       Although Petitioner may assume that because his present claim is premised upon the United

17  States Supreme Court's decision in Cunningham v. California, 549 U.S. 270 (2007), he should

18  obtain a different result, Petitioner is wrong.  Cunningham has not been held to be retroactive;

19  indeed, the Ninth Circuit has held that, instead, it is Blakely v. Washington, 542 U.S. 296 (2004),

20  that is retroactive.  Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).  Accordingly, in determining

21  whether Blakely should apply to a given federal petition, the issue is whether the "direct review" of

22  the state petitioner's claims concluded before or after Blakely was announced, not before or after the

23  decision in Cunningham.  Butler, 528 F.3d at 639.  Blakely was decided on June 24, 2004.  As

24  mentioned, Petitioner direct appeal became final on February 12, 2003, over a year before Blakely

25  was decided.  Accordingly, Blakely is inapplicable to Petitioner's case, and, therefore, the principles

26  reiterated in Cunningham are likewise inapplicable retroactively to Petitioner's case.  Butler, 528

27  F.3d at 639.  Put another way, the fact that Cunningham was decided on January 22, 2007, shortly

28  before Petitioner filed his latest round of state habeas petitions challenging his sentence, does not

6

1   affect the original "window" for Petitioner to file his federal petition, and likewise does not alter this

2   Court's analysis of the untimeliness of the instant petition.

3          In both his petition and his response to the Order to Show Cause, Petitioner argues that his

4   appeal from the 2001 conviction was still ongoing and "active" at the time <u>Blakely</u> was decided, and

5   therefore its principles are applicable to Petitioner's sentence.  (Doc. 1, p. 17; Doc. 8, p. 4).

6   However, the test is not whether Petitioner was actively attacking his conviction at the time that

7   <u>Blakely</u> was decided.  The test is whether he was engaged in the process of "direct review" at the

8   time.  However, by the time <u>Blakely</u> was decided on June 24, 2004, Petitioner had concluded his

9   direct appeal more than a year before, on February 12, 2003.  Instead, he was engaged in habeas

10  review, which constitutes a collateral attack upon his conviction and sentence.  Thus, February 12,

11  2003 is the operative date for determining whether <u>Blakely</u> applies and, clearly, it does not.  <u>Butler</u>,

12  528 F.3d at 639.

13         D.  Equitable Tolling

14         The limitation period is subject to equitable tolling when "extraordinary circumstances

15  beyond a prisoner's control make it impossible to file the petition on time."  <u>Shannon v. Newland</u>,

16  410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

17  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

18  claim, equitable tolling of the statute of limitations may be appropriate."  <u>Miles v. Prunty</u>, 187 F.3d

19  1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

20  establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

21  extraordinary circumstance stood in his way."  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct.

22  1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

23  the exceptions swallow the rule."  <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

24  omitted).  As a consequence, "equitable tolling is unavailable in most cases."  <u>Miles</u>, 187 F. 3d at

25  1107.

26         Here, Petitioner has made no claim of entitlement to equitable tolling and, based on the

27  record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is not

28  entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

E. <u>The Petition Should Be Dismissed As A Second Or Successive Petition</u>.

Alternatively, the petition should be dismissed as a second or successive petition.  In his response to the Order to Show Cause, Petitioner includes documentation that references a prior federal habeas corpus petition filed by Petitioner in this Court.  In case number 1:04-cv–6446-LJO-JMD, Petitioner also challenged his 2001 conviction in the Kern County Superior Court, raising multiple claims of ineffective assistance of trial counsel.  The Court's own electronic docketing system indicates that the issues were fully briefed and Findings and Recommendations to deny the petition on the merits was filed on April 8, 2008.  Subsequently, the Findings and Recommendations were adopted by the District Judge who entered judgment against Petitioner on July 7, 2008. Petitioner appealed that denial to the Ninth Circuit, but the appellate court issued an order on February 5, 2009 refusing to issue a certificate of appealability.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See <u>Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  <u>Pratt v. United States</u>, 129 F.3d 54, 57 (1st Cir. 1997); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1277 (9th Cir. 1997),

1   *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

2          Because the current petition was filed after April 24, 1996, the provisions of the

3   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

4   petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).  The petition in case number 1:04-cv-064460-

5   LJO-JMD challenged Petitioner's 2001 conviction on the grounds of ineffective assistance of

6   counsel.  The instant petition challenges the same conviction on the grounds that the sentence to the

7   upper term is unconstitutional.  For state inmates, the AEDPA provides only two exceptions for a

8   second or successive petition.  First, an exception is made for the discovery of a factual predicate that

9   could not have been previously discovered by due diligence and the facts underlying the claim, if

10  proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing

11  evidence that but for the constitutional error, no reasonable fact-finder would have found the

12  petitioner guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(B).  That exception is

13  inapplicable here since Petitioner is not contending that he has discovered the factual predicate for

14  his claim of an illegal sentence after his first petition.  Rather, he is contending that the intervening

15  United States Supreme Court decision in Cunningham is the justification for a second or successive

16  petition.

17         A second exception allows a second or successive petition if it is based upon a new rule of

18  constitutional law made retroactive by the United States Supreme Court.  28 U.S.C. § 2244(b)(2)(A).

19  As discussed, however, in the preceding sections, Cunningham has not been made retroactive by the

20  United States Supreme Court.  Accordingly, this exception is also inapplicable.

21         Because neither exception to the "second or successive" bar has been met, and because

22  Petitioner has made no showing that he has obtained prior leave from the Ninth Circuit to file his

23  successive petition attacking his 2001 Kern County conviction, the petition is barred by the AEDPA

24  as a second or successive petition.  That being so, this Court has no jurisdiction to consider

25  Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the

26  petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed

27  in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth

28  Circuit.  See 28 U.S.C. § 2244 (b)(3).

9

1

**<u>RECOMMENDATION</u>**

2    Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be

3    DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period

4    and because it is a second or successive petition under the AEDPA.

5    This Findings and Recommendation is submitted to the United States District Court Judge

6    assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

7    the Local Rules of Practice for the United States District Court, Eastern District of California.

8    Within twenty (20) days after being served with a copy, any party may file written objections with

9    the court and serve a copy on all parties.  Such a document should be captioned "Objections to

10   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

11   filed within fourteen (14) <u>court</u> days (plus three days if served by mail) after service of the

12   objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

13   (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

14   the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15

16   IT IS SO ORDERED.

17   Dated:  __**July 1, 2010**__                                        _____**/s/ Jennifer L. Thurston**_____
                                                                      UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28